UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA MORA,<br><br>Plaintiff,<br><br>v.<br><br>BLACK HORSE CAPITAL INC., et al.,<br><br>Defendants. | Case No.: 3:25-cv-00017-RBM-AHG<br><br>**ORDER DENYING EX PARTE APPLICATION TO RESCIND POSTJUDGMENT LOCKOUT**<br><br>**[Doc. 6]** |

Pending before the Court is Plaintiff Natasha Mora's ("Plaintiff") Ex Parte Application to Rescind Post Judgment Lockout against Defendant San Diego Sheriff's Department and Defendant Sheriff Kelly A. Martinez (the "Sheriff Defendants" or the "Sheriff")[1] (the "Ex Parte Application"). (Doc. 6.) In support of her Ex Parte Application, Plaintiff filed: (i) the Eviction Restoration Notice (Doc. 6-1); (ii) a Minute Order in the

---

[1] Defendant San Diego Sheriff's Department is now known as the San Diego County Sheriff's Office. (*See* Doc. 8 at 2.)

unlawful detainer proceeding (Doc. 6-2); (iii) the declaration of attorney Marc Applbaum (Doc. 6-3, "Applbaum Declaration" or "Applbaum Decl."); and (iv) the declaration of Plaintiff (Doc. 6-4, "Mora Declaration" or "Mora Decl.").  The Sheriff Defendants oppose the Ex Parte Application ("Sheriff's Opposition" or "Sheriff's Opp'n").[2]  (Doc. 8.)  The Sheriff Defendants concurrently filed a Request for Judicial Notice ("RJN").  (Doc. 8-1.)  Defendant Black Horse Capital, Inc. ("Defendant BHC") also filed an opposition ("Defendant BHC's Opposition").  (Doc. 9.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons set forth below, Plaintiff's Ex Parte Application is **DENIED**.

## I. BACKGROUND

Plaintiff brings this action against Defendants Black Horse Capital Inc., Bula Developments, Inc., Walter R. Dahl, the San Diego Sheriff's Department, Sheriff Kelly A. Martinez, and Does 1–50 (collectively "Defendants").  (Doc. 1, Complaint ["Compl."] ¶¶ 1–7.)[3]  Plaintiff alleges this action relates to an unlawful detainer case adjudicated in the Superior Court of California, County of San Diego ("San Diego Superior Court") captioned *Black Horse Capital Inc. v. Bula Developments Inc.*, Case Number: 24UD012825C (the "State Court Action").  (Compl. ¶ 11.)  The State Court Action concerned the property located at 6389 Castejon Drive, La Jolla, California 92037 (the "Property").  (Doc. 6-1,

---

[2] On January 13, 2025, at 12:45 a.m., Plaintiff filed a Notice of Non-Opposition asserting that "[n]o interested party has objected or opposed the relief as requested herein."  (Doc. 7 at 2.)  Under this Court's Chambers Rules, only "ex parte applications that are not opposed within **three (3) Court days** may be considered unopposed."  The Hon. Ruth Bermudez Montenegro Civ. Chambers R. VI (emphasis in original).  Since Plaintiff filed the Ex Parte Application on January 9, 2025, Defendants were required to file an opposition by January 14, 2025.  Thus, the Sheriff Defendants and Defendant BHC timely filed their respective oppositions.

[3] The Court cites the paragraph numbers of the Complaint and the CM/ECF electronic pagination for other citations unless otherwise noted.

1  Eviction Restoration Notice ["Restoration Notice"] at 1.)  Plaintiff alleges that she has held
2  an enforceable lease for the Property since January 2023.  (Mora Decl. [Doc. 6-4] ¶ 2.)
3        On December 16, 2024, Superior Court Judge Wendy M. Behan denied the claims
4  of the right of possession by Plaintiff, and an individual named Cesar Mora, finding their
5  claims invalid.  (Doc. 6-2, Superior Court Minute Order ["Min. Order"] at 1.)  Superior
6  Court Judge Behan ordered the Sheriff to "proceed with enforcement of the original writ
7  of possession as deemed amended to include the claimant occupants, Cesar and [Plaintiff]."
8  (*Id*.)  On December 30, 2024, Plaintiff filed an emergency writ of mandamus with the
9  California Court of Appeal, Fourth District, which the Court of Appeal denied on that same
10 day. (Compl. ¶ 13.)  On the following day, Plaintiff filed a Chapter 13 bankruptcy petition,
11 which provided an active automatic stay of the eviction.  (*Id*.)  Plaintiff claims that she
12 informed the Sheriff Defendants of the automatic stay, but they continued with their
13 enforcement of the eviction.  (*Id*.)  Possession of the Property was restored to the landlord
14 on January 8, 2025.  (*See* Restoration Notice [Doc. 6-1] at 1.)
15       On January 6, 2025, Plaintiff filed her Complaint in this Court asserting a single
16 cause of action for violation of the Fourteenth Amendment Due Process Clause.  (Compl.
17 ¶¶ 21–28.)  Plaintiff alleges that "the trial court by refusing to permit Plaintiff to testify on
18 her own behalf violated her due process … ." (*Id*. ¶ 12.)  On January 9, 2025, Plaintiff
19 filed the instant Ex Parte Application, requesting this Court rescind, or direct the Sheriff to
20 rescind, "its Restoration Notice served on Plaintiff on January 8, 2025 in connection with
21 its enforcement of post judgment lockout."[4]  (Doc. 6, Ex Parte Application ["Appl."] at 2.)

**II.   LEGAL STANDARD**

23       Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear
24 showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council,*
25 *Inc.*, 555 U.S. 7, 22 (2008) (citation omitted).  To obtain a preliminary injunction, Plaintiff

---

[4] On January 8, 2025, Plaintiff filed an Emergency Motion for Temporary Restraining Order (Doc. 4), and subsequently withdrew the Motion the next day (Doc. 5).

"must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Herb Reed Enterprises, LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013) (quoting *Winter*, 555 U.S. at 20). The "[l]ikelihood of success on the merits 'is the most important' *Winter* factor[.]" *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (quoting *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015)).

Most preliminary injunctions "prohibit[ ] a party from taking action and 'preserve[] the status quo pending a determination of the action on the merits.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009) (quoting *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988)). "Where, by contrast, a requested injunction would require the nonmovant to take affirmative action to alter the status quo (i.e., a mandatory injunction), the movant must 'establish that the law and facts clearly favor her position.'" *Fujikura Composite Am., Inc. v. Dee*, No. 24-CV-782 JLS (MSB), 2024 WL 3261214, at *4 (S.D. Cal. June 28, 2024) (quoting *Garcia*, 786 F.3d at 740). Mandatory injunctions "go[ ] well beyond simply maintaining the status quo" and are accordingly "particularly disfavored." *Garcia*, 786 F.3d at 740. Such injunctions are subject to "heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (citation omitted). "[M]andatory injunctions should not issue in doubtful cases." *Garcia*, 786 F.3d at 740 (internal quotation marks and citation omitted).

### III.  JUDICIAL NOTICE

The Sheriff Defendants request the Court take judicial notice of the Writ of Possession of Real Property issued by in the State Court Action on October 31, 2024 ("Writ of Possession"). (RJN [Doc. 8-1] at 2; *see* Doc. 8-2.) Additionally, Defendant BHC appended the following documents to its Opposition: (1) "Supplemental Opposition to Mora Claims of Right to Possession" submitted by Defendant BHC in the State Court Action; (2) two status reports filed by the Chapter 11 Trustee in a case captioned *In re:*

*Bula Developments, Inc.*, Case No. 23-24619-C-11 before the United States Bankruptcy Court, Eastern District of California ("Bula Bankruptcy Action"); and (3) an Order Denying Motion for Derivative Standing to Pursue Claims on Behalf of Estate issued in both the Bula Bankruptcy Action and a related adversary action captioned *Mora v Bula Developments Inc.*, Adversary No. 24-02175-C ("Related Adversary Action"). (Doc. 9, Defendant BHC's Opposition ["BHC Opp'n"] at 4–26.)

"Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). The Court may take judicial notice of documents referenced in the complaint, as well as undisputed matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Public records, including judgments and other documents on file in federal or state courts, are proper subjects of judicial notice. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

The Writ of Possession and court filings referenced above are all proper subjects of judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of "several other pleadings, memoranda, expert reports, etc." in related court proceeding). The Court therefore **GRANTS** the Sheriff Defendants' RJN (Doc. 8-1) and *sua sponte* takes judicial notice of Defendant BHC's attached exhibits. *See Bryan v. City of Carlsbad*, 297 F. Supp. 3d 1107, 1115 (S.D. Cal. 2018) (citations omitted) ("The Court may take judicial notice *sua sponte*, and must take notice if a party requests it and if the Court is supplied with the necessary information.").

## IV.   DISCUSSION

Rule 65(a)(1) permits the Court to issue a preliminary injunction only on notice to the adverse party. The Sheriff Defendants and Defendant BHC confirm they have not been properly served with the Complaint. (Sheriff's Opp'n at 2; BHC Opp'n ¶ 12.) Nothing in the record indicates Plaintiff has made any attempt to serve each Defendant with a copy of the Ex Parte Application or the Complaint, and Defendants have not otherwise appeared in this action to date.

Nor has Plaintiff complied with the procedural requirements for ex parte applications mandated by the Local Rules and this Court's Civil Chambers Rules. *See* S.D. Cal. Civ. R. 83.3(g)(2); The Hon. Ruth Bermudez Montenegro Civ. Chambers R. VI. The Complaint and the Ex Parte Application lack any allegation as to why notice should not be required for the mandatory injunction.[5] *See* S.D. Cal. Civ. R. 83.3(g)(2) (the moving party must show "that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney."). Plaintiff's failure to comply with the requirements of Civil Local Rule 83.3(g) is sufficient justification to deny the Ex Parte Application. *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

Nonetheless, the Court finds Plaintiff fails to meet her burden on the threshold inquiry of likelihood of success on the merits and **<u>DENIES</u>** the Ex Parte Application on that basis.

### A. Likelihood of Success on the Merits

As a preliminary matter, Plaintiff does not provide the appropriate analysis for granting injunctive relief. Beyond a conclusory allegation that her "case has sufficient merit to warrant a finding that the status quo should be preserved," Plaintiff neglects to substantiate her contentions with analysis or argument. (*See* Appl. [Doc. 6] at 3.) Thus, Plaintiff fails to address, much less establish, any of the *Winter* factors. *See Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

---

[5] While the Ex Parte Application is unclear as to the type of injunctive relief requested, the Court construes the Ex Parte Application as a motion for a preliminary injunction. *See Devasahayam v. DMB Cap. Grp.*, No. 3:17-cv-02095-BEN-WVG, 2017 WL 6547897, at *1 (S.D. Cal. Dec. 20, 2017) ("When the Rule 65(b) requirements for issuance of a TRO without notice have not been met, the motion may be converted to a Rule 65(a) motion for a preliminary injunction…").

6

3:25-cv-00017-RBM-AHG

1 preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest."). Moreover, Plaintiff cannot show a likelihood of success on the merits because the Court lacks jurisdiction over this matter, and the Sheriff Defendants are immune from liability based on their conduct in enforcing judicial orders.

### 1. *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, "federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050–51 (9th Cir. 2010); *see Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). A federal action is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). The Court may not hear a de facto appeal and must refuse to decide any issue raised in the suit that is "inextricably intertwined" with the state court proceedings. *Id.* at 1158; *see also Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) ("The 'inextricably intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis.").

Both conditions are present here. Plaintiff seeks rescission of the Writ of Possession issued "in connection with its enforcement of post judgment lockout" in the State Court Action. (Appl. at 2.) The Ex Parte Application thus "rel[ies] on the premise that Plaintiff [ ] w[as] in fact entitled to remain in possession," meaning that the judgment in the state court was "wrongful." *Koshak v. Cnty. of Orange*, No. SACV 13-01732-CJC(ANx), 2014 WL 12626351, at *3 (C.D. Cal. Jan. 24, 2014), *aff'd*, 637 F. App'x 323 (9th Cir. 2016). "The issue of enforcing an unlawful detainer judgment is inextricably intertwined with the judgment itself." *Iula v. Voos*, No. 23-CV-2277 JLS (AHG), 2024 WL 171395, at *7 (S.D. Cal. Jan. 16, 2024) (citation omitted). In seeking a remedy by which this Court would invalidate a state court's unlawful detainer judgment, Plaintiff clearly asks the Court to "review the final determinations of a state court in judicial proceedings," which is at the

core of *Rooker-Feldman*'s prohibition. *In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000); *see Richards v. Mercy Hous. Cal.*, No. C 12-00234 JW, 2012 WL 174186, at *2 (N.D. Cal. Jan. 18, 2012) ("[I]nsofar as [she] requests that the Court 'stop' the eviction," Plaintiff is unavoidably "seeking relief from the state court judgment.").[6]

As the Court has no jurisdiction to review or invalidate the state court's judgment, Plaintiff cannot demonstrate a likelihood of success on the merits, or even a "serious question," as to her claims. *See In re Bauman*, No. 3:24-CV-1564 JLS (BLM), 2024 WL 4647299, at *6 (S.D. Cal. Oct. 31, 2024) (holding *Rooker-Feldman* precluded TRO where plaintiff sought to prevent "the state court's eviction order from being carried out," and challenged the unlawful detainer because "the clerk of the Superior Court" allegedly failed to file debtor's answer); *Lara v. Servs.*, No. 12cv904-LAB (POR), 2012 WL 12872451, at *1 (S.D. Cal. June 5, 2012) (denying injunction where "[plaintiff] had the opportunity to contest his eviction in San Diego Superior Court, and he lost. The *Rooker-Feldman* doctrine bars him from seeking relief from that loss in federal court.").

### 2. The Sheriff Defendants' Immunity

Plaintiff also fails to show her due process claim against the Sheriff Defendants is likely to succeed based on their enforcement of the Writ of Possession. Under California law, the Sheriff is statutorily required to levy on a writ of possession and is thereby "immune from liability in the execution of 'all process and orders regular on their face and issued by competent authority, whatever may [be] the defect in the proceedings upon which they were issued.'" *Lyons v. Santa Barbara Cnty. Sheriff's Off.*, 231 Cal. App. 4th 1499, 1503 (2014) (citing Cal. Code Civ. Proc. § 262.1; *George v. Cnty. of San Luis Obispo*, 78

---

[6] This analysis applies equally to Plaintiff's claims for injunctive relief and claims for damages in the Complaint, as Plaintiff also asserts legal errors by the state court as an injury and seeks relief from the state court judgment as a remedy. *See Grimes v. Alameda County Social Servs.*, 2011 WL 4948879, at *1-2 (N.D. Cal. Oct. 18, 2011) (holding claims were barred by *Rooker-Feldman* where plaintiff sought an order restoring custody of children and damages).

Cal. App. 4th 1048, 1054–1055 (2000)).  Indeed, a sheriff or other public official is entitled to immunity from suit for civil rights claims arising out of his execution or enforcement of a facially valid court order.  *See Ezor v. McDonnell*, No. CV 19-8851-JVS (AGR), 2020 WL 2813538, at *5 (C.D. Cal. Apr. 13, 2020) (citing *Engebretson v. Mahoney*, 724 F.3d 1034, 1039–41 & n.7 (9th Cir. 2013)).  Because Plaintiff's claims are solely based on the Sheriff Defendants' execution of judicial orders, they are entitled to immunity.

To the extent Plaintiff argues the Sheriff Defendants waived immunity by ignoring the automatic stay arising from her recent bankruptcy petition, Plaintiff's claim similarly fails.[7]  Plaintiff cites no authority, and the Court has located none, that would impose a legal duty on the Sheriff to investigate the legality of the court orders before enforcement. *See Engebretson*, 724 F.3d at 1039–41 & n.7 (rejecting argument that officials have independent duty to investigate legality of court order before enforcing it); *see also Arrieta v. Mahon*, 31 Cal. 3d 381, 392 (1982) (function of Sheriff is to execute writ or other orders that are "regular on their face and issued by competent authority" and does not "include a determination of the merits of the underlying action").

Plaintiff has not alleged any factual basis to argue that the court orders are facially invalid.  *See Engebretson*, 724 F.3d at 1039–41 & n.7 (holding officials immune for executing facially valid court order); *George*, 78 Cal. App. 4th at 1054 (immunizing Sheriff from liability for executing orders, including writ of possession of real property, that "are regular on their face").  Rather, as the Sheriff Defendants argue, Plaintiff's allegations show the bankruptcy petition did not stay the eviction because Plaintiff no longer possessed a legal interest in the Property.  (*See* Doc. 8 at 5.)  Indeed, Plaintiff expressly alleges the Superior Court Judge denied her claim for possession as invalid on December 16, 2024.

---

[7] In a declaration by Plaintiff's counsel, Marc Applbaum, Attorney Applbaun contends that Defendant CSD denied Plaintiff's due process rights by ignoring the automatic stay pursuant to Plaintiff's bankruptcy proceeding.  (Doc. 6-3 ["Applbaum Decl."], ¶ 8.)  The Court notes that Plaintiff did not include this allegation in her Complaint or in her Ex Parte Application.  (*See* Docs. 1, 6.)

(Compl. ¶ 13.)  Plaintiff filed her bankruptcy petition on December 31, 2024 (*id.* ¶ 15), which acted as an automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).  However, the bankruptcy petition did not stay the eviction because the Superior Court's judgment terminated her possessory interests two weeks before her filing.  *See In re Perl*, 811 F.3d 1120, 1127 (9th Cir. 2016) (the "entry of judgment and a writ of possession following unlawful detainer proceedings extinguishes all other legal and equitable possessory interests in the real property at issue.").  On this additional basis, Plaintiff fails to show that she is likely to succeed on the merits.

Where, as here, the moving party fails to meet their burden on the threshold inquiry of likelihood of success on the merits, "the court need not consider the other factors[ ] in the absence of serious questions going to the merits." *Disney Enterprises*, 869 F.3d at 856 (internal quotation marks and citations omitted).  As Plaintiff has wholly failed to satisfy her burden and does not establish any serious questions on the merits of her claims, the Court does not consider the other factors.  The Ex Parte Application is therefore **DENIED**.

### B.     Federal Rule of Civil Procedure 11

Federal Rule of Civil Procedure 11 forbids an attorney from making claims that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  Plaintiff's attempts to obtain possession of the Property have been rejected numerous times by different courts, including the Bankruptcy Court (BHC Opp'n [Doc. 9] at 23–26), the San Diego Superior Court (Min. Order [Doc. 6-2] at 1), and the California Court of Appeal (Compl. ¶ 13).  This calls into question whether Plaintiff's counsel conducted "an inquiry reasonable under the circumstances" to confirm that their legal contentions were warranted under law.  Fed. R. Civ. P. 11(b)(2).

Additionally, the circumstances surrounding Plaintiff's similar filings before several state and federal courts suggests Plaintiff may have filed this action in federal court for an improper purpose.  Rule 11(b)(1) makes clear that an intent to cause unnecessary delay is

an improper purpose. This action appears to be another attempt by Plaintiff to delay the owner's possession of the Property, namely, through the vehicle of a due process claim. Notably, the Bankruptcy Court has previously observed Plaintiff's "unclean hands" and found Plaintiff intended to "delay in order to continue living rent-free in the property as long as possible." (BHC Opp'n [Doc. 9] at 25–26.) The Court warns Plaintiff that a legally meritless complaint could expose Plaintiff and Plaintiff's counsel to sanctions or referral to the State Bar of California for violation of his Rule 11 obligations.

## V. ORDER TO SHOW CAUSE

When a complaint clearly does not state a claim upon which the court can grant relief, a court can dismiss the case *sua sponte*, and without leave to amend, after it provides the plaintiff with proper notice and an opportunity to respond. *Reed v. Lieurance*, 863 F.3d 1196, 1207–08 (9th Cir. 2017). Further, the Court has a *sua sponte* duty to confirm that it has subject matter jurisdiction over the cases on its docket. *See Allen v. Santa Clara Cnty. Corr. Peace Officers Ass'n*, 400 F. Supp. 3d 998, 1001 (E.D. Cal. 2019) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

Having reviewed the Complaint's allegations, the Court has reservations that it has subject matter jurisdiction over this matter, including whether Plaintiff has standing under Article III. *See Steinmeyer v. Am. Ass'n of Blood Banks*, 715 F. Supp. 3d 1302, 1312 (S.D. Cal. 2024) (noting that the *Rooker-Feldman* doctrine and Article III standing are threshold issues that "go to the Court's subject matter jurisdiction."); *see also Lopez v. Trendacosta*, No. LA CV 14-05406 JAK (MANx), 2014 WL 6883945, at *10 (C.D. Cal. Dec. 4, 2014) (finding that plaintiffs cannot establish an injury-in-fact for standing because the court lacked jurisdiction to order the relief sought in accordance with *Rooker-Feldman*); *Riding v. Cach LLC*, 992 F. Supp. 2d 987, 992 (C.D. Cal. 2014) ("A challenge under the *Rooker–Feldman* doctrine is a challenge for lack of subject-matter jurisdiction and may be raised at any time by either party or *sua sponte* by the court.").

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case

or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Although Plaintiff asserts federal question jurisdiction based on violations of the Fourteenth Amendment, the Fourteenth Amendment does not itself provide for a private right of action. Plaintiffs must also point to an appropriate statute that does, as this is not a responsibility that the Court will assume. *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (finding plaintiff had "no cause of action directly under the United States Constitution."); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) ("*Rooker - Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.")

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing as to why this action should not be dismissed for lack of subject matter jurisdiction on or before **January 31, 2025**. If Plaintiff fails to file a timely response to the OSC, the Court will dismiss this action for lack of subject matter jurisdiction without further notice.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff's Ex Parte Application (Doc. 6) is **DENIED**. Plaintiff is **ORDERED TO SHOW CAUSE** in writing as to why this action should not be dismissed for lack of subject matter jurisdiction by **January 31, 2025**.

**IT IS SO ORDERED**.

DATE:  January 21, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE