UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA MORA,<br><br>            Plaintiff,<br><br>v.<br><br>BLACK HORSE CAPITAL INC., et al.,<br><br>            Defendants. | Case No.: 3:25-cv-00017-RBM-AHG<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

   This action relates to an unlawful detainer action adjudicated in the Superior Court of California, County of San Diego ("San Diego Superior Court").  (Doc. 1, Complaint ["Compl."] ¶ 11 (citing *Black Horse Capital Inc. v. Bula Developments Inc.*, Case Number: 24UD012825C).)  On January 6, 2025, Plaintiff Natasha Mora ("Plaintiff") commenced this action by bringing a single cause of action for violation of the Fourteenth Amendment Due Process Clause against Defendants Black Horse Capital Inc., Bula Developments, Inc., Walter R. Dahl, the San Diego Sheriff's Department, Sheriff Kelly A. Martinez, and Does 1–50 (collectively, "Defendants").  (Doc. 1, Complaint ["Compl."] ¶¶ 1–7.)  Plaintiff then filed an Ex Parte Application to Rescind Post Judgment Lockout ("Ex Parte Application") requesting that this Court rescind, or direct the Sheriff to rescind, "its Restoration Notice served on Plaintiff on January 8, 2025 in connection with its enforcement of post judgment lockout."  (Doc. 6 at 2.)

On January 21, 2025, the Court denied the Ex Parte Application and issued an Order to Show Cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. 10.) Plaintiff responded to the Order on January 30, 2025. (Doc. 11.) For the reasons set forth below, the Court **DISMISSES** this action for lack of subject matter jurisdiction.

## I.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Id*. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted). It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II.   DISCUSSION

Plaintiff argues this Court has federal question jurisdiction over this action because: (1) her constitutional right to testify was violated; and (2) her claims relate to bankruptcy proceedings which are exclusively handled by federal courts. (Doc. 11 at 2–3.) Because Plaintiff attempts to collaterally attack the state court's judgment, the Court finds it lacks subject matter jurisdiction over this action pursuant to the *Rooker-Feldman* doctrine.[1]

---

[1] Plaintiff relies on the *Grable* test, which states that federal courts have jurisdiction over certain state law claims that "implicate significant federal issues." *Grable & Sons Metal*

  Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction to hear cases that are, in effect, appeals from state court judgments. *See Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010).[2] This is because, "[a]bsent express statutory authorization, only the Supreme Court has jurisdiction to reverse or modify a state court judgment." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). As the Supreme Court has noted, this doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

  A complaint is a "forbidden de facto appeal" when the plaintiff (1) "asserts as a legal wrong an allegedly erroneous decision by a state court," and (2) "seeks relief from a state court judgment based on that decision." *Carmona*, 603 F.3d at 1041 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). Moreover, federal claims that are inextricably intertwined with the relevant state court judgement are also barred. *Fontana Empire Ctr., LLC v. City. of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).

  Here, Plaintiff's claims stem from the outcome of unlawful detainer proceedings in San Diego Superior Court. After the San Diego Superior Court denied Plaintiff's right of possession claim, she filed an emergency writ of mandamus with the California Court of Appeal, Fourth District that was subsequently denied. (Compl. ¶ 13.) Plaintiff now asserts

---

*Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 311–12 (2005). *Grable*, however, is inapplicable in this case because Plaintiff does not assert a state law claim. *See Gunn v. Minton*, 568 U.S. 251, 259–60 (holding that under the *Grable* rule, a state law claim must be facially premised on a substantial federal issue). Moreover, as the Court noted in its OSC, Plaintiff further failed to assert her due process claim through a proper statutory vehicle because the Constitution, itself, does not provide a private right of action.

[2] "The *Rooker-Feldman* doctrine takes its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)." *Carmona*, 603 F.3d at 1050.

that the state court's decision to not hear her live testimony before denying her claim for possession amounted to a due process violation. (*Id*. ¶ 12.) However, it is clear that the claims are inextricably intertwined with the state court judgment because Plaintiff "complains of a legal wrong allegedly committed by the state court" and "seeks relief from the judgment of that court" by requesting that this Court review the state court's decision to not allow Plaintiff's testimony and rescind the state court's writ of possession. *See Fontana Empire Ctr., LLC*, 307 F.3d at 992 ("A claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling.") (cleaned up).

Accordingly, this Court lacks subject matter jurisdiction and must dismiss the case. *Noel v. Hall*, 341 F.3d at 1163; *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (courts have obligation to sua sponte dismiss for lack of subject matter jurisdiction); Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

### III. CONCLUSION

For the foregoing reasons, the Court *sua sponte* **DISMISSES** the action for lack of subject matter jurisdiction. Accordingly, Plaintiff's request for an extension of time to file an amended complaint or, in the alternative to file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41 is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE: July 10, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE