**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATASHA MORA,<br><br>                                   Plaintiff,<br><br>v.<br><br>BLACK HORSE CAPITAL INC., et al.,<br><br>                                   Defendants. | Case No.:  3:25-cv-00017-RBM-AHG<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO REOPEN [Doc. 14];**<br><br>**(2) DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AS MOOT [Doc. 15]; AND**<br><br>**(3) DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AS MOOT [Doc. 16]** |

On December 15, 2025, Plaintiff Natasha Mora ("Plaintiff") filed a Motion to Reopen Case (Doc. 14), an Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction ("Second TRO Motion") (Doc. 15), and a Motion for Leave to File First Amended Complaint (Doc. 16).

For the reasons set forth below, the Motion to Reopen Case (Doc. 14) is **DENIED** and the remaining Motions (Docs. 15–16) are **DENIED AS MOOT**.

1

3:25-cv-00017-RBM-AHG

## I.      BACKGROUND[1]

This action relates to an unlawful detainer action adjudicated in the Superior Court of California, County of San Diego ("San Diego Superior Court") which concerned the property located at 6389 Castejon Drive, La Jolla, California 92037 (the "Property"). (Doc. 1, Complaint ["Compl."] ¶ 11 (citing *Black Horse Capital Inc. v. Bula Devs. Inc.*, Case Number: 24UD012825C); Doc. 6-1 at 1).)[2] Plaintiff's right of possession claim was denied as invalid and a Writ of Possession was issued. (Doc. 6-2 at 1.)[3] Possession of the Property was restored to the landlord on January 8, 2025. (Doc. 6-1 at 1.)

Plaintiff filed this action in federal court on January 6, 2025, asserting a single cause of action for violation of the Fourteenth Amendment Due Process Clause. (Compl. ¶¶ 21–28.) Shortly thereafter, Plaintiff filed an Ex Parte Application to Rescind Post Judgment Lockout ("First TRO Motion") requesting this Court to rescind, or direct the Sheriff to rescind, "its Restoration Notice served on Plaintiff on January 8, 2025 in connection with its enforcement of post judgment lockout." (Doc. 6 at 2.) On January 21, 2025, the Court denied Plaintiff's First TRO Motion and issued an Order to Show Cause why the action should not be dismissed for lack of subject matter jurisdiction. (Doc. 10.) The Court also called into question the instant action's propriety and noted that "Plaintiff's attempts to obtain possession of the Property have been rejected numerous times by different courts." (*Id.* at 10–11.) On July 9, 2025, the Court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (Doc. 12.)

---

[1]  The Court has previously summarized this action's background in its Order Denying Ex Parte Application to Rescind Post Judgment Lockout dated January 21, 2025. (Doc. 10.) The Court incorporates by reference the factual background set forth therein. (*Id.* at 2–3.)

[2]  The Court cites the paragraph numbers of the Complaint and the CM/ECF electronic pagination for other citations unless otherwise noted.

[3]  Cesar Mora is named as a plaintiff in the Motions currently before the Court. As Cesar Mora was not named as a plaintiff in the Complaint, the Court refers to Plaintiff Natasha Mora as the sole Plaintiff for purposes of this Order.

3:25-cv-00017-RBM-AHG

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 60(b), the Court may grant relief from a final judgment or order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J, Multnomah Cnty v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Motions for relief from judgment pursuant to [Rule] 60(b) are committed to the sound discretion of the trial judge." *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994) (citing *Thompson v. Housing Authority*, 782 F.2d 829, 832 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986)).

## III.    DISCUSSION

Plaintiff moves to "reopen this action" under Rule 60(b)(2), (b)(5), and (b)(6). (Doc. 14 at 3–4.) In doing so, Plaintiff effectively requests relief from this Court's Order dismissing this action for lack of subject matter jurisdiction. *See Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005) (describing Rule 60(b) as a request to reopen a case).

As a threshold matter, Plaintiff is represented by counsel in this action who has neither moved for leave to withdraw or filed an application for substitution of attorney. (*See* Doc. 3-1.) When a party is represented by counsel, she may not appear, file motions, or otherwise act on her own behalf without leave of the court. *See United States v. Brayshaw*, No. 2:14-mc-00088-MCE-KJN, 2018 WL 534120, at *1 (E.D. Cal. Jan. 23, 2018) (noting that under Rule 11, a party "cannot both be represented and file her own motions"). Unless Plaintiff's counsel files a motion to withdrawal, Plaintiff may not file motions on her own behalf. Plaintiff's Motions are therefore improper.

Even if properly filed, nothing in Plaintiff's Motion to Reopen changes the Court's determination that it lacks jurisdiction over this action. Plaintiff argues that newly discovered evidence and ongoing constitutional violations "materially alter[ ] the legal landscape." (Doc. 14 at 3, 5.) Such arguments, however, reinforce the Court's prior conclusion that Plaintiff "complains of a legal wrong allegedly committed by the state court" and "seeks relief from the judgment of that court." (Doc. 12 at 4 (quoting *Fontana*

3

*Empire Ctr., LLC v. City. of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002)).)  In fact, Plaintiff attempts to proffer as evidence a Notice of Trustee's Sale from November 2025 which she claims "establishes that [her] eviction and seizure were predicated on a void instrument." (*See* Doc. 14 at 4.)  But as this Court explained, "Plaintiff's claims stem from the outcome of unlawful detainer proceedings in San Diego Superior Court."  (Doc. 12 at 3.)

Although Plaintiff contends the eviction resulted in additional constitutional violations (*see* Doc. 14 at 5), her claims remain "inextricably intertwined" with the state court judgment because they "rely on the premise that Plaintiff . . . [was] in fact entitled to remain in possession," meaning the state court's judgment was "wrongful."  *See Koshak v. Cnty. of Orange*, No. SACV 13-01732-CJC(ANx), 2014 WL 12626351, at *3 (C.D. Cal. Jan. 24, 2014), *aff'd*, 637 F. App'x 323 (9th Cir. 2016); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 614 (9th Cir. 2007) (noting a request to declare a state court judgment void "is squarely barred by *Rooker-Feldman*").  Plaintiff's Motion to Reopen must therefore be denied on this additional basis.

Accordingly, Plaintiff's Motion to Reopen (Doc. 14) is **DENIED**.  Because this action remains dismissed, and there is no underlying operative complaint, Plaintiff's Second TRO Motion (Doc. 15)[4] and Motion for Leave to File an Amended Complaint (Doc. 16) are **DENIED AS MOOT**.  *See Olajide v. Brown*, Case No. 18-cv-03991-CRB, 2018 WL 3328227, at *3 (N.D. Cal. July 6, 2018) (dismissing the complaint and denying the TRO motion as moot).

---

[4]  The Court also notes that Plaintiff failed to comply with the procedural requirements for ex parte applications mandated by the Local Rules and this Court's Civil Chambers Rules. *See* S.D. Cal. Civ. R. 83.3(g)(2); The Hon. Ruth Bermudez Montenegro Civ. Chambers R. VI.  Plaintiff's non-compliance with Civil Local Rule 83.3(g) is an additional basis to deny the Second TRO Motion.  *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

3:25-cv-00017-RBM-AHG

## IV.   CONCLUSION

For the foregoing reasons, the Motion to Reopen (Doc. 14) is **DENIED**.  The Second TRO Motion (Doc. 15) and the Motion for Leave to File First Amended Complaint (Doc. 16) are therefore **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE:  January 23, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

5

3:25-cv-00017-RBM-AHG